# Case No. 23-

# United States Court of Appeals for the Fourth Circuit

CORNELIUS BRYANT and DAROLD KELLY, on behalf of themselves and all others similarly situated,

*Plaintiffs-Respondents,*

*v.*

GEICO CASUALTY COMPANY and GEICO GENERAL INSURANCE COMPANY,

*Defendants-Petitioners.*

*On Appeal from the United States District Court for the District of Maryland Civil Action No. 8:22-cv-03310-PJM*

## PETITION FOR PERMISSION TO APPEAL

DAN W. GOLDFINE
JAMIE L. HALAVAIS
ANJALI D. WEBSTER
**DICKINSON WRIGHT PLLC**
1850 North Central Ave., Suite 1400
Phoenix, AZ 85004
Tel: (602) 285-5000
DGoldfine@dickinson-wright.com
JHalavais@dickinson-wright.com
AWebster@dickinson-wright.com

FRANK F. DAILY
SEAN P. EDWARDS
YOSEF KUPERMAN
**THE LAW OFFICES OF FRANK F. DAILY, P. A.**
Suite 704, Executive Plaza III
11350 McCormick Road
Hunt Valley, MD 21031
info@frankdailylaw.com
sedwards@frankdailylaw.com
ykuperman@frankdailylaw.com

*Counsel for Defendants-Petitioners GEICO Casualty Company and GEICO General Insurance Company*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. _____     Caption: _Cornelius Bryant, et. al. v. GEICO Casualty Company, et. al._

Pursuant to FRAP 26.1 and Local Rule 26.1,

GEICO Casualty Company
(name of party/amicus)

_____

 who is _____petitioner_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?    ☑ YES ☐ NO
      If yes, identify all parent corporations, including all generations of parent corporations:

      GEICO Casualty Company is a wholly-owned subsidiary of GEICO Indemnity Company. GEICO
      Indemnity Company is a wholly-owned subsidiary of GEICO Corporation.  GEICO Corporation
      is an indirect, wholly-owned subsidiary of a publicly-traded company, Berkshire Hathaway, Inc.

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?    ☐ YES ☑ NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?                    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                    ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?        ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: s/ Dan W. Goldfine _____        Date:  December 15, 2023 _____

Counsel for: GEICO Casualty Company _____

Print to PDF for Filing

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No. _____    Caption: _Cornelius Bryant, et. al. v. GEICO Casualty Company, et. al._

Pursuant to FRAP 26.1 and Local Rule 26.1,

_GEICO General Insurance Company_
(name of party/amicus)

_____

 who is _____petitioner_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO


2.    Does party/amicus have any parent corporations?    ☑ YES ☐ NO
      If yes, identify all parent corporations, including all generations of parent corporations:

      Defendant GEICO General Insurance Company is a wholly-owned subsidiary of Government Employees Insurance Company.  Government Employees Insurance Company is a wholly-owned subsidiary of GEICO Corporation.  GEICO Corporation is an indirect, wholly-owned subsidiary of a publicly-traded company, Berkshire Hathaway, Inc.

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?  ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.  Is this a criminal case in which there was an organizational victim?  ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: s/ Dan W. Goldfine                    Date:   December 15, 2023

Counsel for: GEICO General Insurance Company

Print to PDF for Filing

# **TABLE OF CONTENTS**

Page Nos.

DISCLOSURE STATEMENTS

TABLE OF CONTENTS................................................................i

TABLE OF AUTHORITIES .......................................................... ii

I.      INTRODUCTION ..........................................................1

II.     BACKGROUND AND PERTINENT FACTS .............................1

        A.     The Statutory Framework.........................................1

        B.     Plaintiffs File The Underlying Putative Class Action.........................4

        C.     GEICO Removes The Action To Federal Court Pursuant to
               CAFA, And Plaintiffs Move To Remand ...........................6

        D.     The District Court Remands The Action To State Court....................8

III.    QUESTION PRESENTED................................................10

IV.     RELIEF SOUGHT........................................................10

V.      AUTHORIZATION FOR THE APPEAL................................10

VI.     REASONS FOR GRANTING THE PETITION .........................11

        A.     The District Court's Jurisdictional Decision Under CAFA Was
               Incorrect, Or At The Very Least, Fairly Debatable ..........................11

        B.     The CAFA-Related Question In The District Court's Order
               Presents An Important And Unsettled Question Of Law..................18

        C.     The Question Is Likely To Evade Review If Left For
               Consideration Only After Final Judgment .........................19

        D.     The CAFA-Related Question Is Likely To Recur ............................20

        E.     The Decision Is Sufficiently Final To Position The Class Action
               For Intelligent Review.......................................................20

        F.     The Balance Of The Harms Clearly Favors GEICO.........................21

VII.    CONCLUSION...........................................................21

CERTIFICATE OF COMPLIANCE.................................................23

CERTIFICATE OF SERVICE ......................................................24

EXHIBITS

i

<u>**TABLE OF AUTHORITIES**</u>

Cases                                                                                       Page(s)

*Appert v. Morgan Stanley Dean Witter, Inc.*,
    673 F.3d 609 (7th Cir. 2012)..................................................................... 15

*Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*,
    145 F.3d 660 (4th Cir. 1998)..................................................................... 13

*Bartels v. Saber Healthcare Grp., LLC*,
    880 F.3d 668 (4th Cir. 2018)..................................................................... 15

*Coleman v. Estes Express Lines, Inc.*,
    627 F.3d 1096 (9th Cir. 2010)............................................................. 18, 19, 21

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ................................................................................. 17

*Cook v. S.C. Pub. Serv. Auth.*,
    No. 6:19-CV-03285-TLW, 2020 WL 869741 (D.S.C. Jan. 21, 2020) ........... 9, 20

*Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*,
    928 F.3d 325 (4th Cir. 2019)...............................................................Passim

*Hargett v. RevClaims, LLC*,
    854 F.3d 962 (8th Cir. 2017)............................................................. 8, 15, 18

*In re Sprint Nextel Corp.*,
    593 F.3d 669 (7th Cir. 2010)................................................................. 13, 14

*Johnson v. Advance Am.*,
    549 F.3d 932 (4th Cir. 2008)......................................................... 13, 14, 17, 19

*Mason v. Lockwood, Andrews & Newnam, P.C.*,
    842 F.3d 383 (6th Cir. 2016)......................................................... 8, 14, 15, 17

*Millstone v. St. Paul Travelers*,
    183 Md. App. 505 (2008)............................................................................ 6

*Myrick v. WellPoint, Inc.*,
    764 F.3d 662 (7th Cir. 2014)..................................................................... 17

ii

*Nichols v. Chesapeake Operating, LLC*,
718 F. App'x 736 (10th Cir. 2018) ........................................... 8, 15, 18

*Pfohl v. Saber Healthcare Grp., LLC*,
784 F. App'x 137 (4th Cir. 2019) .................................................. 3, 12

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706 (1996) ............................................................................ 17

*Rouse v. DaimlerChrysler Corp.*,
300 F.3d 711 (6th Cir. 2002) ............................................................. 17

*Russo v. Eastwood Constr. Partners, LLC*,
No. 2:22-CV-1686-DCN, 2023 WL 2386453 (D.S.C. Mar. 7, 2023) ... 8, 9, 14, 20

*Scott v. Cricket Communs., LLC*,
865 F.3d 189 (4th Cir. 2017) ............................................................. 14

*Westerfeld v. Indep. Processing, LLC*,
621 F.3d 819 (8th Cir. 2010) .................................................... 3, 15, 16

**Statutes**

28 U.S.C. § 1332 ................................................................................. 18

28 U.S.C. §§ 1332(d)(2) ................................................................. 2, 16

28 U.S.C. §§ 1332(d)(3) ................................................................. 2, 12

28 U.S.C. §§ 1332(d)(4) ..................................................................... 12

28 U.S.C. §§ 1332(d)(4)(A) .................................................................. 2

28 U.S.C. §§ 1332(d)(4)(A)(i) ............................................................... 2

28 U.S.C. §§ 1332 (d)(4)(B) .................................................................. 2

28 USC §§ 1332(d)(5)(B) ..................................................................... 16

28 U.S.C. §§ 1332(d)(6) ........................................................................ 2

28 U.S.C. § 1332(d)(7) ................................................................... 2, 12

28 U.S.C. § 1453(c) ............................................................................. 20

iii

28 U.S.C. § 1453(c)(1).................................................................. 1, 10, 11, 19

28 U.S.C. § 1453(d) ....................................................................... 3

Pub.L. No. 109-2, § 2, 119 Stat. 4 ........................................... 2


**Other Authorities**

S. Rep. No. 109-14 ..................................................................... 16

## I.    INTRODUCTION

This petition presents an important issue arising under the Class Action Fairness Act of 2005 ("CAFA"): may a district court grant a plaintiff's motion to remand pursuant to CAFA's home state exception where jurisdiction has been established, class membership is not limited to forum-state citizens, and the plaintiff fails to affirmatively prove by a preponderance of the evidence that the requisite threshold of proposed class members possessed domiciliary intent to be forum-state citizens at the time the action was properly removed to federal court under CAFA? The District Court erroneously answered this question in the affirmative, in conflict with the plain language of CAFA, this Court's precedent making clear that citizenship must include domiciliary intent, and the majority of courts to consider the issue.

Defendants/Petitioners GEICO Casualty Company ("GEICO Casualty") and GEICO General Insurance Company ("GEICO General," collectively "GEICO") respectfully request this Court grant this petition for permission to appeal pursuant to 28 U.S.C. § 1453(c)(1) to reverse the District Court's erroneous remand.

## II.    BACKGROUND AND PERTINENT FACTS

### A.    The Statutory Framework

Because of perceived "abuses of the class action device," Congress enacted CAFA in 2005 to provide, *inter alia,* for "*[f]ederal court* consideration of interstate

1

cases of national importance."  Class Action Fairness Act of 2005, Pub.L. No. 109-2, § 2, 119 Stat. 4 (emphasis added).  Pursuant to CAFA, federal courts have jurisdiction over class actions when the aggregate amount in controversy exceeds $5 million, and the parties have minimal diversity; *i.e.*, at least one plaintiff is diverse from at least one defendant.  28 U.S.C. § 1332(d)(2), (6).

CAFA also provides exceptions to federal jurisdiction for cases that are truly local controversies, including what are known as the "local controversy" and "home state" exceptions.  28 U.S.C. §§ 1332(d)(3), (d)(4)(A), (d)(4)(B).  Each exception contains varying requirements, but pertinent to this appeal, all require a requisite threshold number of the members of all proposed plaintiff classes in the aggregate to be "citizens of the State in which the action was originally filed"; two-thirds in the case of the local controversy or mandatory home state exceptions, and one-third in the case of the discretionary home state exception.  28 U.S.C. §§ 1332(d)(3), (d)(4)(A)(i), (d)(4)(B).  Further, the requisite citizenship, for purposes of proving an exception to CAFA, must be determined as of the date the complaint or notice of removal was filed.  *See* 28 U.S.C. § 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint . . . . or other paper [first] indicating the existence of federal jurisdiction").

2

It is a plaintiff's burden to establish, by a preponderance of the evidence, each of the requirements for the local controversy or home state exceptions, including that the threshold number of proposed class members were **citizens** as of the date of the filing of the complaint. *See Pfohl v. Saber Healthcare Grp., LLC*, 784 F. App'x 137, 140 (4th Cir. 2019) (proving an exception to CAFA jurisdiction "requires a preponderance of the evidence").

Further, courts "are obliged to construe and apply CAFA's grant of federal court jurisdiction broadly, and to apply the three removal exceptions in a narrow fashion." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 336 (4th Cir. 2019) (discussing removal exceptions listed in 28 U.S.C. § 1453(d)); *see also Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822-23 (8th Cir. 2010) (explaining, "CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction," and "the District Court should resolve any doubt about the applicability of CAFA's local-controversy exception against . . . the party who seeks remand and the party who bears the burden of establishing that the exception applies").

### B.    Plaintiffs File The Underlying Putative Class Action

Plaintiffs filed the underlying civil action against GEICO in the Circuit Court for Montgomery County, Maryland. Doc. 2.[1]  Both Plaintiffs claim they purchased uninsured motorist ("UM") insurance from their insurers (GEICO Casualty for Bryant and GEICO General for Kelly), whose principal places of business are in Maryland. *Id*. ¶¶ 20-21; Doc. 66.  Plaintiffs state that they were separately involved in car accidents with uninsured motorists in 2019 and 2021, respectively. *Id*. ¶¶ 24, 35.  Plaintiffs allege that following their accidents, Plaintiffs filed claims with GEICO Casualty and GEICO General, respectively, which were accepted. *Id*. ¶¶ 26, 37.

Plaintiffs allege they sought to have their losses adjusted to include the alleged diminished value resulting from their collisions, but GEICO refused. *Id*. ¶¶ 28, 39. Plaintiffs allege GEICO disclaimed any obligation to remunerate Plaintiffs based on a "Limit of Liability" clause in the UM Coverage sections of Plaintiffs' respective policies. *Id*. ¶¶ 29, 40.

The Complaint asserts causes of action for breach of contract and for declaratory judgment under Section 3-406 of the Courts and Judicial Proceedings

---

[1]"Doc. 2" refers to Docket Entry 2 in the PACER docket of the underlying case, 8:22-cv-03310-PJM, and references to "Doc. __" throughout this petition follow suit.

Article for the Maryland Code. *Id*. ¶¶ 88-137. Plaintiffs allege GEICO's denials of the diminished value loss adjustments, and the "Limit of Liability" clauses in their policies, violate Maryland law because, among other reasons, such exclusions are "not expressly authorized by the Maryland Legislature" and fail to "provid[e] the minimum coverage required by Maryland's Financial Responsibility Law." *Id*. ¶¶ 42, 125.

Plaintiffs' alleged putative classes were not limited to Maryland citizens. Doc. 2; Doc. 73 (District Court's Order remanding, attached hereto as Exhibit A) at 8. Rather, the Complaint proposes a "G[EICO] Casualty Class" to include Plaintiff Bryant and all those similarly situated as follows:

> All persons and/or entities who were: (1) GEICO C[asualty] insureds with Maryland automobile policies whose vehicles were damaged due to an accident with an uninsured motorist; (2) Whose claims were accepted by GEICO C[asualty] as arising under the UM Coverage provision of their Maryland automobile policies; and (3) For whom GEICO C[asualty] or failed to adjust the property damage claim to include payment for post-repair diminished value damages.

Doc. 2 ¶ 54. A proposed "G[EICO] General Class," which includes Plaintiff Kelly and all those similarly situated, is defined with identical language, except that the Defendant's name is substituted. *Id*.

By their plain terms, both putative class definitions apply to GEICO insureds who "were" insureds with Maryland automobile policies from September 30, 2019 forward,[2] when they made their claims with GEICO, regardless of:

- whether they still held Maryland automobile policies at the time of the filing of the complaint or when the case was properly removed to federal court, and
- whether they were at the time of the complaint (or ever) Maryland citizens.

### C. GEICO Removes The Action To Federal Court Pursuant to CAFA, And Plaintiffs Move To Remand

On December 22, 2022, GEICO removed the case to federal court. Doc. 1. The District Court concluded CAFA jurisdiction was established. Doc. 73 at 5 n.4; Doc. 55; Doc. 63-1 at 2.

Plaintiffs filed a motion to remand to state court and a conditional motion for leave to conduct jurisdictional discovery, Doc. 20; Doc. 21, each of which GEICO opposed. Doc. 29; Doc. 30. On May 1, 2023, the District Court denied Plaintiffs' initial motion to remand without prejudice as they had not established any exception to CAFA applied, but granted Plaintiffs' motion for leave to conduct jurisdictional discovery to address this failure of proof. Doc. 55.

---

[2]The applicable statute of limitations is three years, *Millstone v. St. Paul Travelers*, 183 Md. App. 505, 511 (2008) (citing Md. Code, Cts. & Jud. Proc. § 5-101), and Plaintiffs filed their complaint on September 30, 2022.

Upon completion of their requested jurisdictional discovery, Plaintiffs filed a renewed motion to remand under CAFA's home state and local controversy exceptions. Doc. 62. Plaintiffs sought remand based upon information in GEICO's internal database containing drivers' license, address, and policy information that was ███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████. *Compare id. with* Doc. 66 at 6, 8. Plaintiffs also advocated for a "presumption of citizenship" based upon their class definitions. Doc. 62 at 7-9.

In response, GEICO provided specific argument and evidence to explain: (1) Plaintiffs could not prove citizenship because the actual putative class members were not ascertainable and determining who was in the class would require a claim-by-claim review; (2) Plaintiffs improperly relied solely on evidence of potential residency which did not establish citizenship as required by the CAFA exceptions; and (3) Plaintiffs were not entitled to a presumption of citizenship without an individualized inquiry into the domiciliary intent of the proposed class. Doc. 66. GEICO also reiterated ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Doc. 66 at 6-7; Doc. 29 at Exhibit 2.

**D.    The District Court Remands The Action To State Court**

Although most Circuits that have addressed the issue require the plaintiff to prove domiciliary intent to prove citizenship, *see, e.g.*, *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 741 (10th Cir. 2018) (rejecting a rebuttable presumption of citizenship based on mere allegations of residence); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 966 n.2 (8th Cir. 2017) (same); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 397-98 (6th Cir. 2016) (Kethledge, J., dissenting) (noting, in dissent, "every circuit to have considered the issue—five so far—has held that there must ordinarily be at least some facts in evidence from which the district court may make findings regarding the class members' citizenship for purposes of CAFA's local-controversy exception"), the District Court disagreed and granted Plaintiffs' Renewed Motion to Remand.  Doc. 73 (attached hereto as Exhibit A); Doc. 75 (attached hereto as Exhibit B).  Concluding the Fourth Circuit has not addressed the issue before it, the District Court looked to *Mason*, 842 F.3d at 393-94, which it characterized as "recogniz[ing] a presumption of citizenship from evidence of residency under CAFA." *Id*. at 9.  It further surmised the Fourth Circuit may have suggested openness to such a presumption, and noted "two district Judges within [the Fourth] Circuit have applied *Mason*'s framework to justify remands to state courts under the CAFA exceptions." *Id*. at 9-10 (citing *Russo v. Eastwood Constr. Partners, LLC*, No. 2:22-CV-1686-DCN, 2023 WL 2386453 (D.S.C. Mar.

8

7, 2023); *Cook v. S.C. Pub. Serv. Auth.*, No. 6:19-CV-03285-TLW, 2020 WL 869741 (D.S.C. Jan. 21, 2020)).

Likening this case to *Russo* and *Cook*, the District Court applied Plaintiffs' class definitions and information GEICO noted may not be accurate from GEICO's internal database, to infer Maryland citizenship for the required percentage of the putative classes. *Id*. at 9-11.

In so doing, the District Court declined to deny remand where it admitted "Plaintiffs have not provided individualized proof that each member of the proposed class possesses the requisite domiciliary intent to establish citizenship . . . ." *Id*. at 11. The District Court also failed to analyze or apply GEICO's arguments that the database information ███████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ *Id*. at 9-11 (merely referencing the argument). And it declined to narrowly construe the local controversy or home state exceptions. *Id*. The District Court therefore concluded remand was appropriate under either the mandatory or discretionary home state exceptions[3] to CAFA. *Id*. at 11-12.

_____

[3]The District Court declined to determine whether remand was appropriate under CAFA's local controversy exception because it determined remand was appropriate under CAFA's home state exception. Doc. 73 at 12 n.7.

### III.    QUESTION PRESENTED

Whether the District Court erred in granting Plaintiffs' motion to remand the underlying action pursuant to CAFA's home state exception, where CAFA jurisdiction was established, class membership was not limited to forum-state citizens, and the District Court applied a presumption of citizenship without regard to Plaintiffs' failure to prove the requisite threshold of proposed class members possessed domiciliary intent to be forum-state citizens at the time the action was properly removed to federal court under CAFA.

### IV.    RELIEF SOUGHT

GEICO asks this Court to grant its petition for permission to appeal, reverse the District Court's remand Order, and remand this case with instructions for the District Court to exercise CAFA jurisdiction over the action.

### V.    AUTHORIZATION FOR THE APPEAL

GEICO seeks permission to appeal from the District Court's Order granting remand pursuant to 28 U.S.C. § 1453(c)(1). Section 1453(c)(1) of Title 28 derives from CAFA and authorizes a court of appeals to "accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed." *Dominion Energy*, 928 F.3d at 333. The Order was entered on December 5, 2023, and this petition is timely.

10

## VI.    REASONS FOR GRANTING THE PETITION

This Court has identified a non-exhaustive list of factors that inform its decision on whether to grant a petition for permission to appeal under 28 USC 1453(c)(1).[4] *Dominion Energy*, 928 F.3d at 334. Applied here, the relevant factors weigh heavily in favor of a prompt appellate review of the Remand Order.

### A.    The District Court's Jurisdictional Decision Under CAFA Was Incorrect, Or At The Very Least, Fairly Debatable

The District Court failed to apply the proper legal requirements in concluding Plaintiffs satisfied their burden to prove by a preponderance of the evidence that two-thirds of the putative class members were Maryland citizens at the time the complaint was filed and/or properly removed to federal court, and therefore improperly remanded the case under CAFA's home state exception. Despite acknowledging that establishing citizenship requires proof of domiciliary intent and that Plaintiffs bore the burden to prove the requisite citizenship threshold, Doc. 73

---

[4]The factors include the following: (1) whether the petition presents an important CAFA-related question; (2) whether the question presented by the CAFA appeal petition is unsettled; (3) whether the district court's jurisdictional decision under CAFA is incorrect, or at least fairly debatable; (4) whether the CAFA-related question is consequential to the resolution of the particular class action; (5) whether that question is likely to evade effective review if left for consideration only after final judgment; (6) whether the CAFA-related question is likely to recur; (7) whether the petition arises from a decision that is sufficiently final to position the class action for intelligent review; and (8) whether the probable harm to the petitioners if an immediate appeal is denied outweighs the probably harm to the other parties should an immediate appeal be entertained. *Dominion Energy*, 928 F.3d at 334.

at 7, the District Court erroneously applied a presumption of citizenship to conclude Plaintiffs satisfied their burden, without regard to Plaintiffs' failure to establish domiciliary intent of the requisite number of putative class members at the time of filing of the complaint and/or removal to federal court. *Id*. at 9-11.

The District Court's holdings constitute reversible error for multiple reasons.[5] The District Court erred in applying the home state exception despite Plaintiffs' failure to make the required showing of domiciliary intent. To invoke the home state exception to CAFA, a plaintiff must prove, *inter alia*, two-thirds (or one-third, in the case of the discretionary exception) of the proposed class members are Maryland "citizens" at the time of filing or removal, by a preponderance of the evidence.[6] 28 U.S.C. § 1332(d)(3), (d)(4), d(7); *see also Pfohl*, 784 F. App'x at 140 (exception to CAFA jurisdiction must be proven by a preponderance of the evidence). Citizenship

---

[5]For the same reasons the District Court's misapplication of the law resulted in an erroneous conclusion that more than two-thirds of the putative class were Maryland citizens, the District Court also erred in concluding that Plaintiffs satisfied their burden to demonstrate that one-third of the putative class members were Maryland citizens, and therefore also erred in its application of the discretionary home state exception. Doc. 73 at 11.

[6]Further, as argued by GEICO below, actual putative class members are not ascertainable, and Plaintiffs cannot meet their burden of showing at least two-thirds (or even one-third) of the proposed class members are Maryland citizens without first determining who is actually a member of each putative class. Doc. 66 at 3-5.

12

requires not only physical presence within a state, but also domiciliary intent, *i.e.*, the intent to make the state a home. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) ("Domicile requires physical presence, coupled with an intent to make the State a home."). Thus, mere residency is insufficient to establish citizenship. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, *Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (holding existence of citizenship cannot be inferred from allegations of mere residence standing alone).

Nor can proof of citizenship rest on guesswork, even "[s]ensible guesswork, based on a sense of how the world works." *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010). For example, in *Sprint*, the Seventh Circuit addressed a class alleged to be of "Kansas residents," but that was more specifically defined as limited to those who "(1) had a Kansas cell phone number, [and] (2) received their cell phone bill at a Kansas mailing address." *Id*. at 671. The Seventh Circuit agreed the "vast majority" of Kansas residents, particularly those with Kansas cell phone numbers, likely "view [Kansas] as their true home." *Id*. at 673-74 (also noting its own internet research suggested Kansas's population of military members and out-of-state college students was a "drop in the bucket"). However, the court reversed because the "plaintiffs didn't submit any evidence about citizenship." *Id*. at 673. As with

13

the plaintiffs in *Sprint*, Plaintiffs here did not limit their class definitions to Maryland citizens, and failed to present any evidence of domiciliary intent.[7]

Notwithstanding the District Court's reliance upon the Sixth Circuit in *Mason*, Doc. 73 at 9-10, *Mason* was a divided opinion at odds with the precedent of multiple other circuit courts of appeal. Both before and after *Mason*, other circuits have eschewed *Mason*'s presumption of citizenship relied upon by the District Court here.[8] *See, e.g.*, *Mason*, <u>842 F.3d at 397-98</u> (Kethledge, J., dissenting) (noting, in dissent, "every circuit to have considered the issue—five so far—has held that there must ordinarily be at least some facts in evidence from which the district court may

---

[7]Despite the District Court's references to practicality and reasonableness, Doc. 73 at 11, any difficulties in proving citizenship would be of Plaintiffs' own making. Plaintiffs are the "masters of their complaint," and can choose to circumscribe their class definition to citizens of the forum state to "take[] care to restrict the scope of their allegations so as to avoid federal jurisdiction under CAFA." *Johnson*, <u>549 F.3d at 937-38</u> (also observing, "as a matter of logic, that if the class is limited to citizens of South Carolina, it could hardly be claimed that two-thirds of the class members were not citizens of South Carolina"). Plaintiffs did not do so.

[8]Notwithstanding the District Court's citation to *Scott v. Cricket Communs., LLC*, <u>865 F.3d 189, 196</u> n.6 (4th Cir. 2017) to note "[t]he Fourth Circuit has suggested that it may be open to th[e] line of reasoning" in *Mason*, Doc. 73 at 9, *Scott* addressed the amount-in-controversy requirement, so this Court had no occasion to address, much less decide, whether it would follow *Mason* on the issue present here. *See also Russo*, <u>2023 WL 2386453</u>, at *12 n.8 (reaching a similar conclusion to the District Court, but also noting "[i]t is unclear whether [the footnote in *Scott*] implies the Fourth Circuit is open to accepting residency as a proxy for domicile in local controversy exception cases, or was merely noting why residency as alleged in the notice of removal was insufficient in [*Scott*]").

make findings regarding the class members' citizenship for purposes of CAFA's local-controversy exception," and citing cases from the Fifth, Seventh, Ninth, Tenth, and Eleventh Circuit Courts of Appeals); *Nichols*, 718 F. App'x at 741 ("We agree with the dissent in *Mason*, this court's non-precedential decision in *Reece*, and the other circuits that reject the applicability of a rebuttable presumption of citizenship in the context of a CAFA exception invoked based on the mere allegation of residence."); *Hargett*, 854 F.3d at 966 n.2 (8th Cir. 2017) (stating, "[w]e do not agree . . . that presumptions alone may transform a challenged allegation of residency into the establishment of citizenship," and citing the dissent in *Mason* and cases from the Ninth Circuit and Tenth Circuit in support).

The District Court's determination it need not narrowly construe CAFA's exceptions was also erroneous.  Under CAFA the removing party bears the burden of establishing federal jurisdiction over a class action, but the party seeking remand has the burden of proving that one of CAFA's three exceptions to removal applies. *See Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618-19 (7th Cir. 2012) (explaining party seeking remand bears burden of proving applicability of CAFA exception).  Courts are obliged to construe and apply CAFA's grant of federal jurisdiction broadly, and to apply the three removal exceptions in a narrow fashion. *Dominion Energy*, 928 F.3d at 336; *see Appert*, 673 F.3d at 618-19; *Westerfeld*, 621

F.3d at 822; *see also* S. Rep. No. 109-14, at 43, 45 (2005) (explaining CAFA's provisions granting federal court jurisdiction "should be read broadly," and removal exceptions should be "narrowly construed"). The party bearing the burden of proof of applicability of CAFA's local controversy exception to removal is not entitled to the benefit of the doubt. 28 U.S.C.A. § 1332(d)(2); *Westerfeld*, 621 F.3d at 823.

The District Court failed to narrowly construe CAFA's exceptions (using a presumption to switch the burden of proof from Plaintiffs to GEICO), and improperly remanded the case, reasoning that a narrow construction was not necessary because "the case does not appear to present 'interstate class action claims of national importance.'" Doc. 73 at 11 (quoting *Dominion Energy*, 928 F.2d at 338). This is improper because CAFA specifically provides that a class action meeting CAFA's requirements is of "national or interstate significance" and that CAFA extends federal jurisdiction to class action proceedings that satisfy three (3) requirements: "(1) the putative class has more than 100 members (numerosity); (2) the amount in controversy exceeds five million dollars, exclusive of interest and costs (amount in controversy); and (3) the parties are minimally diverse in citizenship (minimal diversity)." *Dominion Energy*, 928 F.3d at 329-30 (citing 28 USC § 1332(d)(2), (5)(B)).

Here, GEICO bore and met the initial burden of establishing CAFA's fundamental jurisdictional requirements were met but not the exceptions. By

initially demonstrating the putative class was more than 100 members, the putative

amount in controversy exceeds five million dollars, and minimal diversity exists,

GEICO carried its burden to establish under CAFA that this case is one of national

or interstate significance. After all, "federal courts 'have a strict duty to exercise the

jurisdiction that is conferred upon them by Congress,' [a]bstention is an

'extraordinary and narrow exception' to that duty, [and t]hus only the 'clearest of

justifications' will justify abstention." *Mason*, 842 F.3d at 397 (Kethledge, J.,

dissenting) (quoting first *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996),

then *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813

(1976), then *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002)).

The District Court erred in declining to narrowly construe the home state exception,

because GEICO already met its burden to establish the putative class was properly

removed and met the standard to determine the case is of national or interstate

significance.[9]

---

[9]Additionally, the District Court erred in failing to account for the potentially
outdated nature of the database information, particularly given that Plaintiffs defined
their putative classes to *not* require class members to be Maryland citizens or even
to possess Maryland policies at the time of the filing of the complaint. *Cf. generally
Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (noting plaintiffs must
produce evidence "that would allow the court to determine the class members'
citizenships on the date the case was removed"); *Johnson*, 549 F.3d at 940 (Agee,
J., concurring in part, dissenting in part, and concurring in the judgment) (noting, in
the concurrence in part, dissent in part, and concurrence in the judgment, "[t]he
failure of the Complaint to place a certain temporal requirement on class
membership leaves open the potential membership to persons who were not South

17

## B. The CAFA-Related Question In The District Court's Order Presents An Important And Unsettled Question Of Law

The District Court's erroneous application of a presumption of citizenship for purposes of determining the presence of a local controversy or home state exception to CAFA presents an important, or at a minimum, unsettled, question of law in this circuit, warranting prompt appellate review.

Courts have identified issues similar to the issue posed here as being "important" and "novel." *See, e.g.*, *Hargett*, 854 F.3d at 965 ("We accepted this appeal to address a novel and important CAFA issue: How does the 'resident' versus 'citizen' distinction we have observed in other parts of 28 U.S.C. § 1332 play out in the local-controversy exception?"); *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) ("The question whether the district court must rely only on the pleadings or should look to extrinsic evidence will often determine whether a case will be remanded under the local controversy exception. This case thus raises an important issue of CAFA law."); *Nichols*, 718 F. App'x at 738 (exercising jurisdiction to determine, *inter alia*, whether a rebuttable presumption of citizenship arises in the context of a CAFA exception based on the mere allegation of residence).

---

Carolina citizens when the Complaint was filed, even though they were South Carolina citizens when their transactions with Advance America took place. If such persons with other than South Carolina citizenship do exist in fact, then the minimal diversity requirements enunciated in CAFA would be met and jurisdiction in the district court would be established").

18

This Court has also exercised jurisdiction under 28 U.S.C. § 1453(c)(1) in an appeal determining "whether minimal diversity under CAFA exists in this case and whether CAFA's home-state exception applies." *Johnson*, 549 F.3d at 934-35.

At an absolute minimum, the CAFA question presented by the Remand Order is unsettled, as demonstrated by the circuit split discussed *supra*. The District Court itself stated the Fourth Circuit has not addressed this issue, Doc. 73 at 9, and instead purported to apply caselaw from the Sixth Circuit to reach its conclusion, noting other courts in this Circuit have done the same. *Id*. at 9-10.

### C.    The Question Is Likely To Evade Review If Left For Consideration Only After Final Judgment

The important CAFA question is highly likely to evade review if left for consideration only after final judgment. The Order remanded the case to the Circuit Court for Montgomery County, Maryland, Doc. 73 at 12, and as at least one court has opined, "[t]he probability that a state court or the Supreme Court will review the federal jurisdictional question after the merits of the case have been decided is almost non-existent, so this question is likely to evade review if [the defendant] cannot immediately appeal. . . ." *Coleman*, 627 F.3d at 1101.

### D.    The CAFA-Related Question Is Likely To Recur

The wealth of precedent across the Circuit Courts of Appeal addressing this issue, discussed *supra*, demonstrates this issue is likely to recur.[10] *See also e.g.*, Doc. 73 at 9-10 (referring to *Russo*, 2023 WL 2386453, and *Cook*, 2020 WL 869741 to opine those district courts had addressed a similar variant of this issue).

### E.    The Decision Is Sufficiently Final To Position The Class Action For Intelligent Review

The issues have been fully briefed, jurisdictional discovery has concluded, and the District Court has entered an order of remand directing the clerk to close the case following remand to the Circuit Court for Montgomery County.  Doc. 73 at 12. The issue is therefore sufficiently final for appellate review.  *Cf. Dominion Energy*, 928 F.3d 335 ("The Remand Orders are also susceptible to appellate review because no additional factual development is required . . . .").

---

[10]As further evidence the CAFA-related question is likely to recur, it should be noted that in *Cook*, a case upon which the District Court relied in its Order, Doc. 73 at 10, the defendant sought permission to appeal pursuant to Section 1453(c), identifying one of the questions as: "Did plaintiffs discharge their burden to prove that more than one-third of class members are South Carolina citizens, and thus intend to remain in South Carolina, by introducing only evidence of class members' past or present billing addresses?"  (Fourth Circuit Case No. 20-134 at USCA Dkt. 2, pg. 9).  This Court deferred ruling on the petition pending briefing and assignment of the petition and appeal to a merits panel, and contemporaneously entered a briefing order.  *Id.* at USCA Dkts. 46, 48.  However, the parties subsequently dismissed the appeal before submitting any briefs, *id.* at USCA Dkt. 58, precluding the possibility of this Court resolving the issue.

F.    **The Balance Of The Harms Clearly Favors GEICO**

The balance of the harm clearly favors GEICO's request for permission to appeal. GEICO "will lose almost any chance of litigating [this case] in a federal forum" if it is not permitted to appeal the Remand Order. *Cf. id.* (holding "the balance of the harms clearly favors the Petitioners, which will lose almost any chance of litigating th[eir] case[s] in a federal forum if they are not permitted to appeal the Remand Orders" (quotations omitted) (alterations in original)); *see also Coleman*, 627 F.3d at 1101 ("[T]he only harm [plaintiff] and the proposed class will suffer if the remand order is appealed is delay. There is no indication that a delay will seriously harm [plaintiff] and the proposed class."). There is no appeal – other than to this Court at this time – and certainly no appeal to the Appellate Court of Maryland to vindicate GEICO's CAFA rights.

## VII.   CONCLUSION

Based on the foregoing, GEICO asks this Court to grant its petition for permission to appeal, reverse the District Court's Order, and remand this case with instructions for the District Court to exercise CAFA jurisdiction over the action.

Dated:  December 15, 2023           Respectfully submitted,


                                    By:   */s/ Dan W. Goldfine*
                                        DAN W. GOLDFINE
                                        JAMIE L. HALAVAIS
                                        ANJALI D. WEBSTER

21

**DICKINSON WRIGHT PLLC**
1850 North Central Ave., Suite 1400
Phoenix, AZ 85004
Tel: (602) 285-5000
DGoldfine@dickinson-wright.com
JHalavais@dickinson-wright.com
AWebster@dickinson-wright.com

Frank F. Daily
Sean P. Edwards
Yosef Kuperman
**THE LAW OFFICES OF**
 **FRANK F. DAILY, P. A.**
Suite 704, Executive Plaza III
11350 McCormick Road
Hunt Valley, MD 21031
Tel:  410-584-9443
Fax: 410-584-9619
info@frankdailylaw.com
sedwards@frankdailylaw.com
ykuperman@frankdailylaw.com

*Counsel for Defendants-Petitioners*
*GEICO Casualty Company and*
*GEICO General Insurance Company*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to <u>Fed. R. App. P. 32(g)(1)</u>, I certify that this brief complies with the type-volume limitation of <u>Fed. R. App. P. 32(a)(7)(B)(i)</u>. This brief contains 5115 words, excluding the parts of the brief exempted by <u>Fed. R. App. P. 32(f)</u>, as calculated by Microsoft Word 2016, the word processing program used in its preparation.

I further certify that this brief complies with the typeface requirements of <u>Fed. R. App. P. 32(a)(5)</u> and the type style requirements of <u>Fed. R. App. P. 32(a)(6)</u>. This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 Point Times New Roman font.

Dated:  December 15, 2023

*/s/ Dan W. Goldfine*
Dan W. Goldfine

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December, 2023, I electronically transmitted the attached foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

Attorneys for Plaintiffs

Robert G. Samet
Ashcraft & Gerel, LLP
8403 Colesville Road, Suite 1250
Silver Spring, MD 20910

Christa L. Collins
Collins Law PL
433 Central Ave., 4th Floor
Saint Petersburg, FL 33701


Dated:  December 15, 2023

*/s/ Dan W. Goldfine*
Dan W. Goldfine

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CORNELIUS BRYANT and DAROLD KELLY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 22-3310-PJM |
| GEICO CASUALTY COMPANY and GEICO GENERAL INSURANCE COMPANY, | * | |
| Defendants. | | |

***

## MEMORANDUM OPINION[1]

On January 27, 2023, Defendants Geico Casualty Company ("Geico Casualty") and Geico General Insurance Company ("Geico General") filed a Motion to Dismiss this putative class action. *See* ECF No. 22. The Court deferred ruling on Defendants' Motion until jurisdictional discovery had concluded and until after the Court resolved any renewed motion to remand filed by Plaintiffs Cornelius Bryant and Darold Kelly. *See* ECF No. 55.

Plaintiffs have now filed a Renewed Motion to Remand (ECF Nos. 62, 63). The Motion has been fully briefed. *See* ECF Nos. 65, 66, 71, 72. Based on the parties' submissions, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons that follow, the Court will **GRANT** Plaintiffs' Motion to Remand (ECF Nos. 62, 63) and **DENY AS MOOT** Defendants' Motion to Dismiss (ECF No. 22), which may be refiled once the case is back in state court.

---

[1] Certain of the figures quoted in this Memorandum Opinion were derived from Defendants' proprietary information. Accordingly, the Court publishes two versions of this Opinion, one under seal and the other on the public docket with limited redactions to prevent the disclosure of this proprietary information.

## BACKGROUND

Cornelius Bryant and Donald Kelly are residents of Maryland. ECF No. 2 ¶¶ 17-18. Bryant claims that he purchased uninsured motorist ("UM") insurance from Geico Casualty, whose principal place of business is in Maryland. *See id.* ¶ 20; ECF No. 66. Kelly claims he purchased UM insurance from Geico General, whose principal place of business is also in Maryland. *See id.* ¶ 21.[2]

Plaintiffs state that they were separately involved in car accidents with unidentified—and therefore uninsured—"hit and run" drivers in 2019 and 2021, respectively. *See id.* ¶¶ 24, 35. Following their accidents, Plaintiffs filed claims with Defendants, which Defendants accepted. *See id.* ¶¶ 27, 37.

When Plaintiffs presented their vehicles to Defendants, they sought to have their losses adjusted to include the diminished value resulting from their collisions. *See id.* ¶¶ 28, 38. According to Plaintiffs, Defendants refused to adjust the losses or to compensate Plaintiffs for the vehicles' diminished values. *See id.* Instead of making these adjustments, Defendants disclaimed any obligation to remunerate Plaintiffs based a so-called "Limit of Liability" clause in the UM Coverage sections of their policies, which provides:

> The limit of Uninsured Motorists Property Damage Liability coverage stated in the Declarations is the total limit of our liability for all such damages, including damages for loss of use of an auto owned by you, sustained in any one accident. The limit of liability will not include diminished value of your insured auto.

*See id.* ¶¶ 29, 40.

On September 30, 2022, Plaintiffs filed a putative class action Complaint in the Circuit Court for Montgomery County, Maryland against Defendants. *See* ECF No. 13-1. The Complaint asserts

---

[2] Plaintiffs allege that Defendants are corporations formed under the laws of Maryland, but Defendants contend that the companies were formed in Nebraska. *See* ECF No. 11 ¶ 2. Defendants' States of incorporation are immaterial to the present Motion because it is undisputed that both Defendants are also citizens of Maryland. *See id.*

four causes of action: Count I is for breach of contract, brought by Bryant and all those similarly situated against Geico Casualty; Count II is for breach of contract, brought by Kelly and all those similarly situated against Geico General; Count III is for a declaratory judgment under Section 3-406 of the Courts and Judicial Proceedings Article of the Maryland Code, brought by Bryant and all those similarly situated against Geico Casualty; and Count IV is for a declaratory judgment under Section 3-406 of the Courts and Judicial Proceedings Article of the Maryland Code, brought by Kelly and all those similarly situated against Geico General. *See* ECF No. 2. Plaintiffs allege that Defendants' denials of the diminished value loss adjustments, and the "Limit of Liability" clauses in their policies, violate Maryland law because, among other reasons, such exclusions are "not expressly authorized by the Maryland Legislature" and fail to "provid[e] the minimum coverage required by Maryland's Financial Responsibility Law." *See, e.g., id.* ¶¶ 42, 125.

The Complaint proposes a "Geico Casualty Class" to include Bryant and all those similarly situated as follows:

> All persons and/or entities who were: (1) Geico Casualty insureds with Maryland automobile policies whose vehicles were damaged due to an accident with an uninsured motorist; (2) Whose claims were accepted by Geico Casualty as arising under the UM Coverage of their Maryland automobile policies; and (3) For whom Geico Casualty failed to adjust the property damage claim to include payment for post-repair diminished value damages.

*Id.* ¶ 54. A proposed "Geico General Class," which includes Kelly and all those similarly situated, is defined with identical language, except that the Defendant's name is substituted. *Id.* Both definitions exclude from their coverage "claims involving leased vehicles or total losses" and "the assigned judge [and] any member of the assigned judge's immediate family." *Id.*

On December 22, 2022, Defendants removed the case to this Court. *See* ECF No. 1. On January 27, 2023, Plaintiffs filed a motion to remand to state court and a conditional motion for

3

leave to conduct jurisdictional discovery. *See* ECF Nos. 20 & 21. That same day, Defendants filed a motion to dismiss. ECF No. 22.

In their response in opposition to Plaintiffs' initial motion to remand, Defendants justified removal of the case on the ground that the Court possesses jurisdiction by virtue of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the case involves minimally diverse litigants, proposed classes of at least 100 members, and more than $5 million in controversy. *See* ECF No. 29. In support of their argument that the case presents a minimal diversity of citizenship, Defendants cite to records in their internal database that showed that two putative class members are likely to be citizens of Washington, D.C., and Texas. *See* ECF No. 29, ECF No. 29-2. Defendants apparently corroborated the citizenship of these two putative class members using public records searches. *See* ECF No. 29-1.

On May 1, 2023, the Court denied Plaintiffs' initial motion to remand without prejudice and granted Plaintiffs' motion for leave to conduct jurisdictional discovery. ECF No. 55. The Court's May 1, 2023 Order permitted Plaintiffs to renew their request to remand following jurisdictional discovery and deferred ruling on Defendants' Motion to Dismiss until "the Court resolves any renewed Motion to Remand." *Id.*

## DISCUSSION

The parties' immediate dispute is centered on whether either of the "local controversy" or "home state" exceptions to CAFA applies to the facts of this case.

## I.

As explained by the U.S. Court of Appeals for the Fourth Circuit, "Congress enacted CAFA in 2005 to expand subject matter jurisdiction in the federal courts over interstate class actions of national importance." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 329 (4th Cir. 2019) (quotation omitted). Congress amended the diversity-jurisdiction statute,

4

28 U.S.C. § 1332, to vest original jurisdiction in the district courts over class actions "in which the

matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and

where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28

U.S.C. § 1332(d)(2)(A).[3] "The burden of establishing federal jurisdiction on the removal of a class

action" under CAFA "is on the removing party." *Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th

Cir. 2008) (citing *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008)).[4]

Although Congress expanded federal court jurisdiction over such class actions to "address

abuses of the class action device" based on a perception that the state and local courts were "keeping

cases of national importance out of Federal court," *id.* (quotation marks omitted), Congress did not

seek to deprive state and local courts of adjudicating all class actions. Instead, CAFA includes what

are colloquially known as the "local controversy" and "home state" exceptions, which provide that

a district court "shall decline to exercise jurisdiction" over certain kinds of class actions. These

exceptions were fashioned to strike a balance in federalism—while general CAFA jurisdiction

allows large cases of national importance to be litigated in federal court (thus limiting possible

home-state biases), the local controversy and home state exceptions preserve the role of state courts

in adjudicating matters that are truly local in character. *See, e.g., Quicken Loans Inc. v. Alig*, 737

---

[3] CAFA provides two additional grounds for a district court's original jurisdiction, neither of which apply here. *See* 28 U.S.C. § 1332(d)(2)(B)-(C).

[4] The parties do not dispute whether Defendants' initial removal was proper, but the Court must be satisfied that it possesses jurisdiction under CAFA before considering an exception to justify remand. *See Adams v. W. Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020). Based on Defendants' submissions when opposing Plaintiffs' initial motion to remand—in addition the parties' instant submissions—the Court finds that CAFA jurisdiction has been established because the case concerns an amount in controversy in excess of $5 million and minimal diversity exists. *See* ECF No. 66 at 2 n.1 (incorporating Defendants' earlier arguments in support of CAFA jurisdiction); ECF Nos. 29-1 & 29-2 (attesting to evidence showing that two putative class members are citizens of Washington, D.C. and Texas).

F.3d 960, 965 (4th Cir. 2013); *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014);

*Evans v. Walter Indus.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

Under the "local controversy" exception, "a district court 'shall' decline to exercise

jurisdiction when:

> (1) more than two-thirds of the members of the proposed plaintiff class are citizens
> of the state where the suit was filed originally; (2) at least one defendant (a) is a
> defendant from whom members of the plaintiff class are seeking 'significant relief,'
> (b) is a defendant whose conduct 'forms a significant basis' for the proposed
> plaintiff class's claims, and (c) is a citizen of the state in which the action originally
> was filed; (3) the principal injuries stemming from the conduct alleged in the
> complaint occurred in the state where the action was filed originally; and (4) in the
> three years before the filing of the class action complaint, no other similar class
> action was filed against any of the defendants on behalf of the same or other class.

*Alig*, 737 F.3d at 964 (quoting 28 U.S.C. § 1332(d)(4)(A)).

There are two grounds for ordering remand under the "home state" exception, one mandatory

and the other discretionary. *See Adams*, 958 F.3d at 1221. The mandatory home state exception

provides that a district court "shall" decline to exercise jurisdiction over a class action where "two-

thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary

defendants, are citizens of the State in which the action was originally filed." 28 U.S.C.

§ 1332(d)(4)(B). The discretionary home state exception permits a district court to order remand

"in the interests of justice" where more than one-third but less than two-thirds of the proposed class

members are citizens of the "State in which the action was originally filed." *Id.* § 1332(d)(3). When

exercising this discretion, a district court must consider "whether the claims asserted involve matters

of national or interstate interest"; whether the claims asserted are governed by the law of the State

in which the action was filed; whether the complaint has been pled to avoid federal jurisdiction,

whether the action was brought in a State with a distinct nexus to the class members, the alleged

harm, or the defendants; whether the number of proposed class members who are citizens of the

original State is "substantially larger" than the number of citizens of other States; and whether a similar case has been filed in the three-year period preceding date the class action was filed. *Id.*

The party seeking remand bears the burden of proving by a preponderance of the evidence that one of these exceptions applies. *See Bartels v. Saber Healthcare Grp. LLC*, 880 F.3d 668, 681 (4th Cir. 2018) (citing *Brinkley v. Monterey Fin. Servs., LLC*, 873 F.3d 1118, 1121 (9th Cir. 2017)).

## II.

Plaintiffs seek remand under either the local controversy or home state exceptions to CAFA. *See* ECF No. 62-1 at 4-6. Defendants' opposition is focused solely on the argument that Plaintiffs have failed to establish that more than two-thirds of the proposed class are citizens of Maryland, a required factor under both exceptions. *See* ECF No. 66 at 3-12.

"A person is a citizen of a state only if she is a citizen of the United States and a domiciliary of that state. . . . Whether a person is a domiciliary turns on the individual's intent. Not all those physically present within a state are residents," and not all residents are citizens of a State unless they intend to remain indefinitely. *Scott. v. Cricket Communs., LLC*, 865 F.3d 189, 195 (4th Cir. 2017) (citation omitted). "When citizenship is questioned, a court must make an individualized inquiry," looking to indicia of domiciliary intent, including current residence, driver's license and automobile registration, voter registration, and the location of real and personal property, among others. *Id.* "No single factor is dispositive." *Id.*

In many cases, a plaintiff may establish entitlement to a remand under either of these exceptions if the proposed class definition limits itself to citizens of their home state. *See, e.g., In re Spring Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010) (observing that remand would be appropriate if plaintiffs "defined their class as all Kansas *citizens* who purchased text messaging from" the defendant because "it doesn't take any evidence to establish that Kansas citizens make up

7

at least two-thirds of the members of a class that is open only to Kansas citizens) (citing *Johnson*, 549 F.3d at 937-38)); *Simring v. Greensky, LLC*, 29 F.4th 1262, 1267 (11th Cir. 2022).

Here, the proposed class is not limited to Maryland citizens, but instead includes those "insured with Maryland policies," so Plaintiffs must present some other evidence of the citizenship of the proposed class members. Plaintiffs claim to have met their burden of proving citizenship through Defendants' responses to interrogatories, deposition testimony from Defendants' corporate designee, and statements made in prior declarations that Defendants submitted to establish minimal diversity under CAFA. *See* ECF No. 62-1 at 8-9. Specifically, Plaintiffs cite to representations by Defendants' deponent that the proposed class includes "[a redacted number of] claims under the [UM] Coverage provision of Maryland automobile policies," and that of those claims, a large percentage of claimants have Maryland driver's licenses, an even larger percentage of claimants have Maryland addresses, and even more claimants have Maryland insurance policies issued by Defendants. *Id.* at 16; ECF No. 71 at 11.[5] These data points, argue Plaintiffs, when considered in light of Maryland's requirements for registering and insuring an automobile in the State, suffice to establish the domiciliary intent of the proposed class for purposes of either CAFA exception. *See, e.g.*, ECF No. 71 at 10.[6]

Defendants contend that Plaintiffs' evidence merely shows proof of *residency*, not domiciliary intent. ECF No. 66 at 3. According to Defendants, it is impossible ascertain each class

___

[5] The Court does not quote the precise figures in this public-facing version of this Memorandum Opinion but instead uses generalized language to prevent disclosure of proprietary information. *See* note 1, *supra*.

[6] Under Maryland law, newcomers are required to register their automobiles with the Department of Transportation Motor Vehicles Administration within 60 days of arrival. Md. Code Ann., Transp. § 13-402(c)(7). To register, individuals must first possess Maryland liability insurance. *See id.* § 17-104(a). Even if an individual previously held insurance issued by another State, they are required to convert their policy to one meeting Maryland's minimum coverage requirements prior to registration. *Id.* § 17-103(b). New arrivals must also obtain a Maryland driver's license within 60 days of moving to the State. *See id.* § 16-102(a)(6). Although not dispositive, the Court notes that these requirements use the term "resident," whose definition includes a person who "is domiciled in this State." *Id.* § 11-149(1). Further, many of these requirements contain carve-outs for common categories of nonresidents, like members of Congress or college students. *See id.* §§ 16-102(a)(2), (a)(5) (providing that a Maryland driver's license is not required for members of Congress or college students if certain conditions are met).

member's domiciliary intent without conducting an intensive, individualized review of every possible class member. *Id.* at 4-5. Defendants also caution the Court not to put undue weight on the numbers derived from their internal customer database because there is no guarantee that it is regularly maintained or accurate enough to establish the addresses, driver's licenses, and policy information of customers as of the date of removal. *Id.* at 6, 7, 11-12.

The Fourth Circuit does not appear to have addressed the question of whether a combination of driver's licenses, residence addresses, and local requirements for vehicle registration and insurance suffice to establish domicile for purposes of the local controversy or home state exceptions. However, several of its sister circuits have addressed similar issues. *See, e.g., Mason v. Lockwood, Andrews & Newman, P.C.,* 842 F.3d 383 (6th Cir. 2016); *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880 (9th Cir. 2013); *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564 (5th Cir. 2011); *see also Lax v. App of N.M. ED, PLLC,* 2022 WL 2711230 (10th Cir. July 13, 2022). Among these decisions is a recognition that the citizenship inquiry under CAFA's exceptions should be guided by practicality and reasonableness. *See, e.g., Mason,* 842 F.3d at 393-94 (discussing cases).

In *Mason,* the Sixth Circuit went so far so to recognize a presumption of citizenship from evidence of residency under CAFA. *See id.* The Sixth Circuit's decision was based in part on the observation that the general presumption against federal jurisdiction—which is one of the reasons for the requirement of domiciliary intent to establish citizenship—does not hold equal force under CAFA. *See id.* This is so because the local controversy exception is not jurisdictional and, therefore, a residency-domicile presumption, which is ordinarily insufficient to prove State citizenship, "fits particularly well in the CAFA exception context, where the moving party is tasked with demonstrating a fact-centered proposition about a mass of individuals, many of whom may be unknown at the time the complaint is filed and the case removed to federal court." *Id.* The Fourth

9

Circuit has suggested that it may be open to this line of reasoning, *Scott*, 865 F.3d at 165 n. 6, and

two district Judges within this Circuit have applied *Mason*'s framework to justify remands to state

courts under the CAFA exceptions. *See Russo v. Eastwood Constr. Partners, LLC*, No. 2:22-cv-

1686-DCN, 2023 U.S. Dist. LEXIS 38702 (D.S.C. Mar. 7, 2023); *Cook v. S.C. Pub. Serv. Auth.*,

No. 6:19-cv-03285-TLW, 2020 U.S. Dist. LEXIS 32764 (D.S.C. Jan. 21, 2020).

    In *Russo*, the court found remand appropriate under the local controversy exception in a

putative class action involving damage to homes in a particular neighborhood where construction

was overseen by one general contractor and the plaintiffs provided "property-tax records,

delineating those class members who claimed the owner-occupied tax, with the resulting number of

South Carolina citizens reaching eighty-eight percent." 2023 U.S. Dist. LEXIS 38702, at *39.

Similarly, in *Cook*, the court ordered the remand of a putative class action concerning allegedly

improper home utility bills where the plaintiffs offered "evidence relating to the billing and service

addresses of the class members," which showed that "82% of the class members have or had billing

addresses in South Carolina." 2020 U.S. Dist. LEXIS 32764, at *22, 26.

    As in *Russo* and *Cook*, the Court is satisfied that Plaintiffs have presented sufficient evidence

to show that two-thirds of the proposed class are domiciled in Maryland and, therefore, remand to

the Circuit Court for Montgomery County is appropriate under the mandatory home state exception.

The Court draws this conclusion based on a review of Defendants' proprietary data that Plaintiffs

have submitted, as discussed in the Court's Memorandum Opinion filed under seal simultaneously

with this public copy. The Court is not persuaded that *Russo* and *Cook* are distinguishable just

because those cases concerned damages to immobile, real property (homes) and this case concerns

transitory, personal property (vehicles). Just as the *Cook* court found it "utterly implausible to

believe that more than two-thirds of the electrical customers of [the defendant] and the cooperatives

are citizens of a state other than South Carolina," *id.* at 27-28, the Court finds it equally implausible

10

to believe that more than two-thirds of the proposed class—defined as holding Maryland-based

insurance policies—could be citizens of a state other than Maryland. Maryland's requirements for

driver's licenses and vehicle registration further reinforce this conclusion.[7] To deny remand here,

as Defendants urge, simply because Plaintiffs have not provided individualized proof that each

member of the proposed class possesses the requisite domiciliary intent to establish citizenship

would vitiate any practicality or reasonableness that is to be applied to the inquiry of citizenship

under CAFA's exceptions. *See, e.g.*, *Mason*, 842 F.3d at 393-94. Further, although the Fourth

Circuit has cautioned that a federal court's jurisdiction under CAFA should be construed "broadly,"

and its exceptions should be ready "narrowly," *Dominion Energy*, 928 F.3d at 336, the reason for

these rules of construction lies in CAFA's "objective of ensuring that interstate class action claims

of national importance are heard and resolved in the federal courts." *Id.* at 338. This case does not

appear to present "interstate class action claims of national importance." Rather, Plaintiffs' claims

are derived from Maryland insurance law, and are asserted by a proposed class that appears to be

predominantly composed of Maryland residents.

    In any event, even if Plaintiffs' evidence were insufficient to justify remand under the

mandatory home state exception, the Court would find remand appropriate under the discretionary

home state exception. *See Cook*, 2020 U.S. Dist. LEXIS 32764, at *26. Plaintiffs' evidence suffices

to show that more than one-third of proposed class members are Maryland citizens, and the statutory

considerations for an exercise of discretion under 28 U.S.C. § 1332(d)(3) heavily favor remand.

    As noted, the claims asserted in this case do not involve matters of national or interstate

interest because they are derived from Maryland's insurance requirements, and not the laws of other

States, *id.* § 1332(d)(3)(A)-(B); this class action cannot be said to have been pleaded in a manner

---

[7] *See* note 4, *supra*.

11

that seeks to avoid Federal jurisdiction because the case was clearly suitable for filing in state court, *id.* § 1332(d)(3)(C); Maryland has a distinct and significant nexus with the proposed class members, the alleged harm, and Defendants because Maryland law provides the rights that Plaintiffs claim were injured by Defendants' refusal to provide diminished value adjustments, *id.* § 1332(d)(3)(D); the number of Maryland residents in the proposed class is substantially larger than number of residents of any other State, *id.* § 1332(d)(3)(E); and no other class action asserting the same or similar claims on behalf of the proposed class has been asserted in the three-year period preceding the filing of this case, *id.* § 1332(d)(3)(F).[8]

In sum, the Court concludes that remand to the Circuit Court for Montgomery County is appropriate under CAFA and, accordingly, will **GRANT** Plaintiffs' Motion to Remand (ECF Nos. 62, 63).  Having decided to grant Plaintiffs' Motion to Remand, the Court will **DENY** Defendants' Motion to Dismiss (ECF No. 22) as **MOOT**.

## CONCLUSION

In conclusion, the Court will **ORDER** that:

1. Plaintiffs' Motion to Remand (ECF Nos. 62, 63) is **GRANTED**;

2. Defendants' Motion to Dismiss (ECF No. 22) is **DENIED AS MOOT**; and

3. The Clerk is **DIRECTED** to **CLOSE** this case following remand to the Circuit Court for Montgomery County.

A separate order will **ISSUE**.

December 5, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[8] Having determined that remand is appropriate under CAFA's home state exception, the Court need not decide whether remand is also appropriate under the local controversy exception.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**CORNELIUS BRYANT** and **DAROLD**          \*
**KELLY**, *et al.*,

Plaintiffs,                                                    \*

v.                                                               \*              Civil Action No. 22-3310-PJM

**GEICO CASUALTY COMPANY** and
**GEICO GENERAL INSURANCE**                \*
**COMPANY**,

Defendants.

                                                    \*\*\*

## ORDER

Upon consideration of Plaintiffs' Motion to Remand (ECF Nos. 62, 63), Defendants'

opposition (ECF Nos. 65, 66), Plaintiffs' reply thereto (ECF Nos. 70, 71), and Defendants' Motion

to Dismiss (ECF No. 22), Plaintiffs' opposition (ECF No. 26), and Defendants' reply thereto (ECF

No. 44), it is, this 5 day of December, 2023, for the reasons provided in the accompanying

Memorandum Opinion, by the United States District Court for the District of Maryland,

**ORDERED**:

1. Plaintiffs' Motion to Remand (ECF Nos. 62, 63) is **GRANTED**;

2. Defendants' Motion to Dismiss (ECF No. 22) is **DENIED AS MOOT**; and

3. The Clerk is **DIRECTED** to **CLOSE** this case following remand to the Circuit Court for

   Montgomery County.

                                                    _____
                                                    PETER J. MESSITTE
                                                    UNITED STATES DISTRICT JUDGE

1